IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELDON H. SANDUSKY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:09-CV-1626-N |
| | § | |
| CIGNA HEALTHCARE, et al., | § | |
| Defendants. | § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on November 17, 2009, Plaintiff's motion for reconsideration (Doc. #10) has been referred to the United States Magistrate Judge. The supplemental findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On October 22, 2009, the undersigned filed findings and conclusions recommending that this *pro se* action be dismissed for lack of jurisdiction because Plaintiff Weldon Sandusky ("Sandusky") lacked standing to seek monetary damages on behalf of non-parties, namely various doctors and health care providers, for surgeries and procedures performed on him. On October 27, 2009, Sandusky filed a response, objecting to the magistrate judge's recommendation and seeking leave to amend the complaint to allege a denial of benefits under ERISA. Sandusky also filed the above referenced motion for reconsideration.

Contemporaneously with the filing of this recommendation, the undersigned filed an order granting Sandusky leave to amend the complaint as a matter of course under Rule 15(a)(1),

of the Federal Rules of Civil Procedure.

In his first amended complaint, Sandusky alleges he was denied benefits under ERISA. He requests a declaratory judgment in his favor, and again seeks to recover monetary damages in favor of doctors and health care providers who treated him following his 2005 heart attack. (*See* First Amended Complaint at Counts 5-11). As set out in the October 22, 2009 recommendation, Sandusky lacks standing to sue on behalf of doctors and health care providers who treated him following his 2005 heart attack. Moreover, as a *pro se* litigant, Sandusky cannot represent any litigant other than himself. *See* Fed. R. Civ. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented").

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's motion for reconsideration (Doc. #10) be DENIED as moot, that the first amended complaint (insofar as it requests an award of monetary damages in favor of doctors and health care providers) be DISMISSED *sua sponte* for lack of jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and that Plaintiff be ORDERED to file a second amended complaint which alleges only claims for relief in his own personal behalf.

Signed this 1st day of December, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on Plaintiff in the manner provided by law. Any party who objects to any part of this report and recommendation must file

2

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.